EDP:WPC
F. #2021R00762/NY-NYE-0862

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN DOE,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. 22cr00103 (PKC)
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(1), 982(a)(2), 982(b)(1),
1201(a)(1), 1349, 1956(h), 2 and 3551
et seq.; T. 21, U.S.C., §§ 841(b)(1)(C),
841(b)(1)(E)(i), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE
(Money Laundering Conspiracy)

1. In or about and between January 2018 and November 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN DOE, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: inter-account transfers of funds, deposits of checks and cash, and cashing of checks, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity: (a) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); and (b) knowing that such financial transactions were designed in whole

and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections, 1956(h) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute and Possess Controlled Substances)

2. In or about and between January 2018 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN DOE, together with others, did knowingly and intentionally conspire to distribute and possess with the intent to distribute one or more controlled substances, which offense involved (a) a substance containing 3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, and (b) ketamine, a Schedule III controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(E)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Conspiracy to Commit Bank Fraud)

3. In or about and between September 2020 and October 2020, both dates being approximate and inclusive, within the Central District of California and elsewhere, the defendant JOHN DOE, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud a financial institution, to wit: Bank of America, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by, and under

the custody and control of Bank of America by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT FOUR
(Kidnaping)

4. In or about July 2021, within the Eastern District of New York and elsewhere, the defendant JOHN DOE, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold for ransom and reward and otherwise a person, to wit: John Doe, an individual whose identity is known to the United States Attorney, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

3

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

  7.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

  8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)  cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

9. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

11.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

12.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK